UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT PADUCAH

DAMIEN ANTHONY SUBLETT                                                              PLAINTIFF

v.                                                              CIVIL ACTION NO. 5:12CV-P97-R

ROBERT WHITE et al.                                                                DEFENDANTS

## MEMORANDUM OPINION

Plaintiff, Damien Anthony Sublett, filed a *pro se*, *in forma pauperis* complaint pursuant to 42 U.S.C. § 1983.  This matter is before the Court for screening pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601 (6th Cir. 1997).  For the reasons set forth below, the action will be dismissed.

## I. SUMMARY OF CLAIMS

Plaintiff sues in their official capacities the following Louisville Metro Police Department employees:  Chief Robert White, Sergeants Steve Schmidt and Jim Graves, and Detectives Mark Hickman and Jerry Zehnder.  He alleges that on August 28, 2003, Louisville Metro Police Department officers entered his home and searched the premises.  He further alleges that on April 1, 2005, an evidentiary hearing regarding this search occurred.  Plaintiff alleges that the entry and search of his home was a Fourth Amendment violation.  Plaintiff asks for monetary and punitive relief.

## II. ANALYSIS

When a prisoner initiates a civil action seeking redress from a governmental entity, officer, or employee, the trial court must review the complaint and dismiss the action, if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief.  *See* 28

U.S.C. §§ 1915A(b)(1) and (2).  A claim is legally frivolous when it lacks an arguable basis either in law or in fact.  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless.  *Id.* at 327.  When determining whether a plaintiff has stated a claim upon which relief can be granted, the Court must construe the complaint in a light most favorable to Plaintiff and accept all of the factual allegations as true.  *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002).  While a reviewing court must liberally construe *pro se* pleadings, *Boag v. MacDougall*, 454 U.S. 364, 365 (1982) (per curiam), to avoid dismissal, a complaint must include "enough facts to state a claim to relief that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007).

Because § 1983 does not provide a statute of limitations, federal courts borrow the forum state's statute of limitations for personal injury actions.  *Wilson v. Garcia*, 471 U.S. 261, 275-80 (1985).  Thus, in Kentucky, § 1983 actions are limited by the one-year statute of limitations found in KY. REV. STAT. § 413.140(1)(a).  *Collard v. Ky. Bd. of Nursing*, 896 F.2d 179, 182 (6th Cir. 1990).

Although state law establishes the statute of limitations for § 1983 actions, federal law controls on the issue of when the statute of limitations begins to run.  *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984).  Federal law establishes that the § 1983 statute of limitations accrues when the plaintiff knew or should have known of the injury that forms the basis of the claim alleged in the complaint.  *Ruff v. Runyon*, 258 F.3d 498, 500 (6th Cir. 2001).

In *Wallace v. Kato*, the United States Supreme Court held that, in cases of alleged Fourth Amendment violations brought under § 1983, the statute of limitations begins to run on the date

that the alleged constitutional violations occurred.  *See Wallace v. Kato*, 549 U.S. 384, 397 (2007).  Thus, the statute of limitations challenging an unlawful search accrues at the time of the search.  *See*, *e.g.*, *Michel v. City of Akron*, 278 F. App'x 477, 480 (6th Cir. 2008); *Gonzalez v. Entress*, 133 F.3d 551, 553 (7th Cir. 1998).

The Supreme Court has also held that when the face of the complaint shows that an action is time-barred, the case may be dismissed summarily upon screening.  *Jones v. Bock*, 549 U.S. 199, 215 (2007).  Here, it is obvious from the face of the complaint, that Plaintiff's Fourth Amendment claims are barred by the statute of limitations.  According to the complaint, the search occurred in 2003.  This complaint was not filed until 2012, well after the one-year statute of limitations had passed.

### III. CONCLUSION

For the foregoing reasons, the Court will by separate Order dismiss Plaintiff's complaint.

Date:


cc:     Plaintiff, *pro se*
        Defendants
        Jefferson County Attorney
4413.009